# IN THE UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL E. DEEBA, Trustee for MACCO PROPERTIES, INC. and N.V. BROOKS APARTMENTS, LLC, </br></br>    Plaintiff, </br></br>v. </br></br>FIRST SPECIALTY INSURANCE CORPORATION, </br></br>    Defendant, </br></br>and </br></br>LIVING INVESTMENTS, LLC, </br></br>    Plaintiff in Intervention, </br></br>v. </br></br>MICHAEL E. DEEBA, Trustee for MACCO PROPERTIES, INC. and N.V. BROOKS APARTMENTS, LLC; and FIRST SPECIALTY INSURANCE CORPORATION, </br></br>    Defendants in Intervention. | Case No. CIV-14-00038-M |

## ORDER

Before the Court is Defendant First Specialty Insurance Corporation's Motion to Dismiss and Brief in Support, filed January 13, 2014. On September 2, 2014, plaintiff Michael E. Deeba[1] and plaintiff in intervention, Living Investments, LLC, responded. Based on the parties' submissions, the Court makes its determination.

---

[1] Michael E. Deeba is the bankruptcy trustee for the entities Macco Properties, Inc. ("Macco") and N.V. Brooks Apartments, LLC ("Brooks Apartments"). Macco has a 99% membership interest in Brooks Apartments.

I. Background

The instant action arises out an alleged breach of contract and failure to act in good faith, when defendant allegedly failed to fully pay for losses[2] covered under an insurance policy issued to General Properties Inc. ("General Properties")[3] and Macco for the period of April 23, 2011 to April 23, 2012. On November 26, 2013, plaintiff filed the instant action in the District Court of Cleveland County, State of Oklahoma. On January 10, 2014, defendant removed this action to this Court on the basis of diversity jurisdiction.

Defendant now moves the Court to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue. Defendant asserts that based on the forum selection clause[4] within the insurance policy, issued to Macco and General Properties, the courts of the State of New York are the appropriate forum for disputes arising from the insurance policy. Plaintiff contends that this case should be litigated in Oklahoma since the action relating to the claim occurred in Oklahoma.

---

[2] Plaintiff alleges in his Complaint that on or about April 12, 2012, Brooks Apartments suffered a covered loss due to damage caused by a tornado in Norman, Oklahoma.

[3] General Properties owns the remaining 1% interest of Brooks Apartments.

[4] The forum selection clause within the insurance policy issued to Macco and General Properties by defendant states:
> Applicable Law; Court Jurisdiction
> The laws of the State of New York, without regard to any conflict of laws rules that would cause the application of the laws of any other jurisdiction, shall govern the construction, effect, and interpretation of this insurance agreement.
>
> The parties irrevocably submit to the exclusive jurisdiction of the Courts of the State of New York, and to the extent permitted by law the parties expressly waive all rights to challenge or otherwise limit such jurisdiction.

Def.'s Mot. to Dis. Ex. 1.A Property Insurance Policy Prepared for General Properties Inc. at 3.

II.  Standard for Dismissal

> [W]hether venue is wrong or improper—is generally governed by 28 U.S.C. § 1391 (2006 ed., Supp. V). That provision states that except as otherwise provided by law . . . this section shall govern the venue of all civil actions brought in district courts of the United States. § 1391(a)(1). It further provides that a civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. § 1391(b). When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a). Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b). As a result, a case filed in a district that falls within § 1391 may not be dismissed under § 1406(a) or Rule 12(b)(3).

*Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court*, ___ U.S. ___, 134 S. Ct 568, 577 (2013) (internal quotations omitted). "Although a forum-selection clause does not render venue in a court wrong or improper within the meaning of § 1406(a) or Rule 12(b)(3), the clause may be enforced through a motion to transfer under § 1404(a)." *Id.* at 579. Further, "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Id*. at 580.

III.  Discussion

In the instant case, defendant moves the Court to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue since the courts in the State of New York have been designated the exclusive forum "for any disputes relating to the construction, effect, or interpretation of the [insurance] policy." Def.'s Mot. to Dis. at 2. The Court finds that

3

nonetheless, the Brooks Apartments were damaged by a tornado in Norman, Oklahoma, and therefore, venue is proper, pursuant to 28 U.S.C. § 1391(b)(2). However, based on the recent ruling by the Supreme Court in *Atlantic Marine*, the Court will construe defendant's motion as a motion to dismiss for *forum non conveniens*.

Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). *See also Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991). "[W]hen venue is specified, such as when the parties designate a particular county or tribunal, and the designation is accompanied by mandatory or obligatory language, a forum selection clause will be enforced as mandatory." *Am. Soda LLP v. U.S. Filter Wastewater Gp., Inc.*, 428 F.3d 921, 927 (10th Cir. 2005).

Defendant asserts that the forum selection clause is prima facie valid and as a result, this action should be dismissed. Plaintiff contends "(1) that the purported forum selection clause in the policy at issue does not actually unambiguously provide for mandatory forum in New York and must be read against First Specialty; and (2) that even assuming the policy contained a New York forum selection clause, the enforcement of such a clause here would be unreasonable, unfair, and contrary to the 'interest of justice' factor which authority commands this court examine." Plf.'s Resp. at 4.

A.  Mandatory vs. Permissive Forum Selection Clause

"Mandatory forum selection clauses contain clear language showing that jurisdiction is appropriate only in the designated forum." *Hancock v. Am. Tel. & Tel. Co., Inc.,* 804 F. Supp. 2d 1196, 1201 (W.D. Okla. 2011) (internal quotations omitted) (quoting *K & V Scientific Co. v.*

4

*Bayerische Motoren Werke Aktiengesellschaft,* 314 F.3d 494, 498 (10th Cir. 2002)). "Permissive forum selection clauses, in contrast, . . . authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere." *Id.* (internal quotations omitted) (quoting *Excell, Inc. v Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997)).

Having carefully reviewed the parties' submissions, the Court finds that the forum selection clause within the insurance policy issued by defendant to Macco and General Properties is mandatory. Contrary to plaintiff's assertion that defendant failed to draft a clear and mandatory forum selection clause, the forum selection clause is clear and explicit as to the choice of law governing "the construction, effect, and interpretation of [the] insurance agreement" and as to the forum by providing that "The parties <u>irrevocably</u> submit to the <u>exclusive</u> jurisdiction of the Courts of the State of New York . . . ." Def.'s Mot. to Dis. Ex. 1.A Property Insurance Policy Prepared for General Properties Inc. at 3 (emphasis added).

Plaintiff also contends that defendant should have chosen words that are understandable to an average reader. Macco however, is a sophisticated business entity and the Court finds that the forum selection clause language at issue in this case is understandable to a business entity such as Macco. *See Bremen,* 407 U.S. at 12 ("The choice of . . . forum was made in an arm's-length negotiation by experienced and sophisticated businessmen, and absent some compelling and countervailing reason it should be honored by the parties and enforced by the courts.").

B. <u>Enforcement of the Forum Selection Clause</u>

"In a typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations." *Atlantic Marine*, 134 S. Ct. at 581. "The

presence of a valid forum-selection clause requires district courts to adjust their usual [*forum non conveniens*]⁵ analysis in three ways." *Id.*

> First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing [that the dismissal or] . . . transfer to the forum for which the parties bargained is unwarranted.
>
> \*         \*         \*         \*         \*
>
> Second, a court evaluating a defendant's [motion to dismiss for *forum non conveniens*] based on a forum-selection clause should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum. . . . [W]hatever inconvenience the parties would suffer by being forced to litigate in the contractual forum as they agreed to do was clearly foreseeable at the time of contracting.
>
> [A] district court may consider arguments about public-interest factors only. . . . Because those factors will rarely defeat a [motion to dismiss for *forum non conveniens*], the practical result is that forum-selection clauses should control except in unusual cases.
>
> \*         \*         \*         \*         \*
>
> Third, when a party bound by a forum selection-clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law-rules a factor that in some circumstances may affect public-interest considerations.⁶

---

⁵ The Court in *Atlantic Marine* focused its analysis on enforcing a valid forum selection clause through a § 1404(a) motion to transfer. However, the Court instructed district courts to apply the same analysis when enforcing a valid forum selection clause through a motion to dismiss for *forum non conveniens*. *See Atlantic Marine*, 134 S. Ct. at 584, fn. 8.

⁶ In the instant case, since the Court is construing defendant's motion as a motion to dismiss for *forum non conveniens* the third part of the analysis will not be considered.

*Id.* at 581-582 (internal citations and quotations omitted).

Plaintiff contends that the property damaged, the insured, and witnesses are all located in Oklahoma. Additionally, plaintiff asserts that it will be pursuing punitive damages against defendant for its "malicious and/or wantonly reckless bad faith conduct." Plf. Resp. at 16. As a result, plaintiff contends that "a New York jury is likely not going to be as attuned to the factors relevant to a subjective evaluation of the treatment of an Oklahoma insured as an Oklahoma jury would be." *Id.* Lastly, plaintiff asserts that the Court should take into consideration the remoteness of the New York forum to Oklahoma and the expense in litigating in New York County, the fact that the forum selection clause was non-negotiated, and the fact that defendant is owned by a multi-billion dollar international conglomerate, with more resources and litigation tolerance than plaintiff. *See* Plf.'s Resp. at 18. Defendant asserts that plaintiff is capable of litigating this matter in New York.[7]

Having carefully reviewed the parties' submissions, the Court finds that plaintiff has not demonstrated that litigating this matter in New York is unreasonable or unwarranted. The Court specifically finds that the factors plaintiff asserts weigh against enforcing the forum selection clause are all factors the *Atlantic Marine* Court instructed should not be considered. Further the Court finds that it was foreseeable that an apartment complex could be potentially damaged by a tornado in Oklahoma, so this is not the type of unusual case the *Atlantic Marine* Court mentioned would defeat a motion to dismiss for *forum non conveniens*.[8] Lastly, the Court finds that the

---

[7] On or about September 13, 2013, defendant filed a Complaint for Declaratory Judgment Order and Other Relief in the Supreme Court of the State of New York naming Macco and General Properties as defendants. Def.'s Mot. to Dis. at 5. Plaintiff has retained counsel in the New York action.

[8] Plaintiff also contends that the forum selection clause at issue in this case "was buried within a lengthy contract of adhesion." Plf.'s Resp. at 4. If the plaintiff is contending that Macco

parties are already engaged in active litigation surrounding this dispute in New York. Accordingly, the Court finds the forum selection clause should be enforced and this case should be dismissed pursuant to the doctrine of *forum non conveniens*.

IV.   Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Defendant First Specialty Insurance Corporation's Motion to Dismiss and Brief in Support [docket no. 2] and DISMISSES this action without prejudice.

**IT IS SO ORDERED this 29th day of September, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

and General Properties somehow missed the forum selection clause due to the length of the insurance policy, the Court finds that the forum selection clause was not hidden or "buried" but was located on the third page and listed under the section "Applicable Law: Court Jurisdiction" of the insurance policy.